On respondent Borg-Warner Automotive, Inc.'s, petition for reconsideration filed March 16, and respondent Tenneco Automotive Operating Company, Inc.'s, petition for reconsideration filed March 16, reconsideration allowed; former opinion (197 Or App 450, 107 P3d 29) modified and adhered to as modified June 29, 2005

Lawrence KELLER
and Patricia Keller,
*Appellants,*

*v.*

ARMSTRONG WORLD INDUSTRIES, INC., et al,
*Defendants,*

*and*

BORG-WARNER AUTOMOTIVE, INC.,
a Delaware corporation,
fka Borg-Warner Corporation,
individually and as successor-in-interest to
Borg-Warner Corporation - Borg & Beck Division,
and Borg-Warner Corporation - Rockford Clutch Division;
and Tenneco Automotive Operating Company, Inc.,
a Delaware corporation,
*Respondents.*

0010-10816; A117518

115 P3d 247

Gary V. Abbott, Annalie M. Faddis, and Abbott & Prange, P.C., for respondent Borg-Warner Automotive, Inc.'s, petition and Thomas W. Sondag and Lane Powell PC for respondent Tenneco Automotive Operating Company, Inc.'s, petition.

Before Brewer, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Schuman, and Ortega, Judges, and Deits, Judge pro tempore.

DEITS, J. pro tempore.

Edmonds, J., dissenting.

### DEITS, J. pro tempore

In this asbestos-related disease case, plaintiffs appealed after the trial court granted summary judgment to defendants on plaintiffs' claims on statute of limitations grounds. In our previous opinion, we concluded that the period of limitations in ORS 30.907 begins when a plaintiff knows, or should have known, facts that would make a reasonable person aware of a substantial possibility that he or she had a disease and that the disease was caused by asbestos. *Keller v. Armstrong World Industries, Inc.*, 197 Or App 450, 462-63, 107 P3d 29 (2005). We held that, in this case, plaintiff Lawrence Keller did not have a sufficient degree of certainty about the cause of his disease to support a conclusion that, *as a matter of law*, he knew or should have known it for statute of limitations purposes more than two years before he filed his complaint. *Id.* at 470.

Each of the two defendants on appeal petitions for reconsideration. We allow both petitions for reconsideration, modify our former opinion, and adhere to our original holding.

In our original opinion, we stated that both defendants "manufactured or supplied some of the mufflers on which plaintiff worked." *Id.* at 453. Defendant Borg-Warner points out that it makes brake and clutch assemblies and asks us to modify our opinion to correct that factual misstatement. The summary judgment record supports Borg-Warner on this point. *See* ORAP 6.25(1)(a) (misstatement of fact is a basis for reconsideration). Accordingly, we modify the fifth sentence of the second paragraph of the original opinion, 197 Or App at 453, to read as follows:

> "Defendant Tenneco Automotive Operating Company, Inc., manufactured or supplied some of the mufflers on which plaintiff worked, and defendant Borg-Warner, Inc., manufactured or supplied some of the clutch pads and other products on which plaintiff worked."

Defendant Tenneco raises several grounds for reconsideration. We reject Tenneco's arguments without discussion except as noted below.

First, Tenneco argues that we misconstrued part of the record. In 1995, plaintiff was examined by Dr. Smith in connection with a workers' compensation claim. Smith wrote a report that stated his opinion that plaintiff did not have an asbestos-related condition. In our original opinion, we indicated that each of plaintiff's treating physicians, Dr. Patterson and Dr. Kintz, indicated that he agreed with Smith's report. *Id.* at 456. Tenneco contends that there is a difference between how Patterson responded to Smith's report and how Kintz did and argues that it is inaccurate to say that Kintz agreed with Smith's report.[1]

The record reflects the following: Smith produced a report dated April 19, 1995, in which he concluded that plaintiff's condition was not asbestos related. On July 13, 1995, Norman Cole, on behalf of SAIF Corporation, sent Kintz a letter that read as follows:

> "Thank you for taking time out of your schedule to discuss Mr. Keller's claim with me. As we discussed, I have enclosed a copy of my 6/23/95 letter to Dr. Smith and his 6/28/95 response. During our telephone conversation you indicated you agreed with Dr. Smith's comments, *as stated in the 6/28/95 letter.*"

(Emphasis added.) On July 17, 1995, Kintz signed Cole's letter below the following notation:

> "I have reviewed Mr. Cole's 6/23/95 letter to Dr. Smith and Dr. Smith's 6/28/95. [*sic*] I agree with Dr. Smith's comments, *as stated in the 6/28/95 letter.*"

(Emphasis added.) Neither Cole's June 23 letter nor Smith's June 28 letter is in the record.

Although the above evidence possibly could be said to imply that Kintz agreed with Smith's April 19 opinion, Tenneco is correct that there is no direct evidence that Kintz agreed with that report, which is the only evidence of Smith's opinion in the record. The record does not support the finding that Kintz agreed with Smith's April 19 opinion. It was inaccurate to suggest so in our original opinion. Accordingly, we modify our original opinion in the following particulars:

---

[1] Tenneco does not argue that it was inaccurate to say that Patterson agreed with Smith's report.

(1) 197 Or App at 456. We modify the first sentence after the quotation to read, "SAIF asked Patterson to review Smith's report, and Patterson signed a statement indicating that he agreed with all of the report."

(2) 197 Or App at 456 n 4. We add the following text to the footnote as a first paragraph: "It is not clear from this record whether SAIF asked plaintiff's other treating physician, Kintz, to review the report. The summary judgment record contains a letter from SAIF to Kintz, which included a notation that Kintz had reviewed a June 28 letter from Smith and that Kintz agreed with Smith's comments in that letter. The June 28 Smith letter is not in the record, however, and so it is not clear what Kintz agreed with." In the remainder of the footnote, we delete "and Kintz's" from the second and twelfth lines, and change "statements" to "statement" in lines five and eight.

(3) 197 Or App at 464. In the last paragraph, we modify the penultimate sentence to read, "In 1995, Smith concluded that plaintiff's condition was not related to asbestos, and Patterson concurred."

(4) 197 Or App at 467. We modify the first full sentence to read as follows: "When confronted in 1995 with a report that stated repeatedly that asbestos was not the cause of plaintiff's condition, the physician who reviewed that report—Patterson—concurred, which was consistent with his earlier and ongoing expressions of uncertainty about the cause of his disease."

(5) 197 Or App at 467-68. We modify the last paragraph to read as follows: "Moreover, there is evidence from which a reasonable juror could conclude that, had plaintiff directly inquired of one of the physicians he saw before 2000, he would have been told that his disease was *not* caused by asbestos, contradicting his apparent assumption that asbestos was its cause. In 1995, Smith definitively stated that plaintiff's condition was *not* related to asbestos, and Patterson stated that he agreed with that conclusion. That evidence supports an inference that, had plaintiff asked Patterson directly in 1995 whether his condition was caused by asbestos, Patterson would have said, 'No.' "

(6)  197 Or App at 468 n 10. We modify the last sentence in the footnote to read, "In addition, Patterson's concurrence in Smith's conclusion that plaintiff 'ha[d] no asbestos related condition' supports a reasonable inference that Patterson never had sufficient certainty about causation to have communicated an opinion about causation to plaintiff."

We further note that we do not agree with Tenneco's argument that the only possible inference to draw here is that Kintz did not agree with Smith's report, "hence, the need for SAIF to seek his agreement to some other 'comments' in a letter two months later." On this record, it cannot be said that Kintz saw Smith's April 19 report. Even if there was some evidence that he did see that report, which we do not believe that there is, it would be speculation at best as to what issue in that report his comments would have been directed toward. Kintz could have been asking for clarification of any one of a number of assertions or conclusions in Smith's seven-page report. Accordingly, it simply is not possible, from this record, to ascertain or reasonably infer whether or not Kintz agreed with Smith's opinion.

Despite our factual error regarding Kintz's concurrence with Smith's report, we adhere to our conclusion that it cannot be said, as a matter of law, based on this record that plaintiff knew, or reasonably should have known, that there was considerable likelihood that the cause of his disease was asbestos. In summary, we do not believe that our misconstruction of this one portion of the record affected our original decision.

Second, Tenneco notes that a 2000 opinion of Dr. Schaumberg, which indicated that the most likely etiology of plaintiff's disease was asbestos, was part of the record on Borg-Warner's summary judgment motion, but not part of the record on Tenneco's summary judgment motion. Tenneco does not suggest that this discrepancy did or should affect the analysis. To the extent that our original opinion could be read to suggest that the Schaumberg report was part of the Tenneco summary judgment record, we now expressly state that it was not.

Reconsideration allowed; former opinion modified and adhered to as modified.

**EDMONDS, J.,** dissenting.

On reconsideration, the majority has properly corrected its errors regarding the facts in this case. To the extent that my dissent suggests otherwise, I agree with petitioner Tenneco Automotive Operating Company's assertion that there is no evidence that Dr. Kintz agreed with Dr. Smith's opinion that plaintiff's condition was not related to asbestos exposure. Even though the majority now understands the summary judgment evidentiary record correctly, it continues to make incorrect conclusions of law for the reasons explained in my original dissent. *Keller v. Armstrong World Industries, Inc.*, 197 Or App 450, 470-93, 107 P3d 29 (2005) (Edmonds, J., dissenting). I therefore continue to dissent.

Ortega, J., joins in this dissent.